IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TOMAX AS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-00260-ADA |
| | § | |
| TURBO DRILL | § | |
| INDUSTRIES, INC., | § | |
| D/B/A SCOUT DOWNHOLE | § | |
| Defendant. | § | JURY TRIAL |
| | § | DEMANDED |
| | § | |

## OPPOSED MOTION TO EXTEND TIME TO APPEAL FOR GOOD CAUSE

Plaintiff Tomax 's 30-day appeal period will expire on May 12, 2023. On April 26, 2023 the Defendant filed a Section 285 Motion for Attorneys' Fees(ECF#155) that alleges Plaintiff Tomax and its undersigned counsel, Malcolm E. Whittaker, are jointly and severally liable for attorneys' fees.[1] To protect himself, Tomax's counsel may need to seek to intervene in the present case. If Defendant's Section 285 Motion for Attorneys' Fees is denied or granted only with respect to Tomax, Tomax's counsel will have no need to intervene. However, if an attorneys' fees award is entered jointly and severally against "Tomax and Tomax's counsel," Tomax's counsel will likely need to intervene and participate in any appeal as an intervenor. It is worth noting that Defendant's Section 285 Attorneys' Fees Motion created this situation, not Tomax or Tomax's counsel.

If the final judgment in this matter is reversed, it will serve as a defense to any potential attorneys' fees award. If the present May 12, 2023 deadline is not extended, Tomax's counsel will not be able to intervene and appeal any potential attorneys' fees award or the underlying final judgment because the time for appeal would have already expired on May 12, 2023, i.e. two

---

[1] ("Accordingly, Turbo Drill requests that Tomax's counsel, Mr. Whittaker and The Whittaker Law Firm be held **jointly and severally liable** along with Tomax for Turbo Drill's attorneys' fees and expenses for defending this meritless case.") (Defendant's Section 285 Motion for Attorneys' Fees, ECF#155 at page 19)(emphasis added)

days after the filing of this motion for extension of time to appeal. This is unfair to Tomax's undersigned counsel as this possibility can be avoided by extending Tomax's time to appeal.

Under 28 U.S.C. §2107 and Federal Rule of Appellate Procedure No. 4, a district court can extend the time for appeal if there is "good cause" for the extension. In this case, "good cause" exists because Defendant seeks attorneys' fees against Plaintiff Tomax's counsel, i.e. an event beyond Plaintiff Tomax's control. As the court held in *Tuesno v. Jackson,* "the good cause standard" applies "in situations in which there is no fault – excusable or otherwise." An extension of time is necessary because of something that was entirely beyond the control of the moving party, such as where "the Postal Service fails to deliver a notice of appeal." *Tuesno v. Jackson,* No. 5:08-cv302(DCB)(JMR), 2013 WL 685928, at *4 (S.D. Miss. Feb. 25, 2013). See also *Allied Steel v. City of Abilene,* 909 F.2d 139, 142 n.2, & 143 n.3 (5th Cir. 1990), overruled on other grounds by *United States v. Clark,* 51 F.3d 42 (5th Cir 1990).

In *Hamer v. Neighborhood Housing Services of Chicago*, 138 S.Ct. 13, 18 (2017), the U.S. Supreme Court held that a "two-month" extension of time to appeal is within the trial courts authority reasoning that "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction. … It is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction. Accordingly, a provision governing the time to appeal in a civil case qualifies as jurisdictional only if Congress sets the time limit." (cleaned up, citations omitted). Therefore, according to *Hamer,* the 30-day limitation recited by FRAP 4 was not "jurisdictional" and the "two-month extension" did not deprive the appeals court of jurisdiction. *Id.* at 22.

To allow a resolution of Defendant's Section 285 Motion for Attorneys' Fees, Plaintiff Tomax requests a two-month extension up to and including July 12, 2023 in which to appeal.

> */s/Malcolm E. Whittaker*
> Malcolm E. Whittaker
> Texas Bar No. 24038336
> WHITTAKER LAW FIRM
> 2341 Glen Haven Boulevard
> Houston, Texas 77030
> (832) 434-7157
> IPLitigate@aol.com
> **ATTORNEY FOR PLAINTIFF TOMAX AS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with Defendant's counsel, Michael Locklar on May 8, 2023, and Defendant's counsel confirmed that Defendant is **_OPPOSED_** to the relief requested herein.

                                                            _/s/Malcolm E. Whittaker_
                                                            Malcolm E. Whittaker

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the above document upon opposing counsel by ECF/CM on this 10th day of May, 2023.

                                                            _/s/Malcolm E. Whittaker_
                                                            Malcolm E. Whittaker