IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TOMAX AS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:21-cv-00260-ADA |
| | § | |
| TURBO DRILL INDUSTRIES, INC., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |

### DEFENDANT TURBO DRILL'S OPPOSITION TO TOMAX'S MOTION TO EXTEND TIME TO APPEAL FOR GOOD CAUSE

Defendant Turbo Drill files this Opposition to Tomax's Opposed Motion to Extend Time to Appeal for Good Cause ("Motion").

The deadline for filing an appeal of the Final Judgement in this case is May 12, 2023. Tomax's request for a two-month extension to file its notice of appeal is unsupportable and unnecessary.

Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), "the district court may extend the time to file a notice of appeal if . . . the party shows excusable neglect or good cause."  28 U.S.C. § 2107, the statute governing the civil appeal deadline, also requires that any extension of time for appeal be extended only "upon a showing of excusable neglect or good cause."  Tomax and its counsel do not show any cause, let alone good cause, for extending the deadline to appeal the Final Judgment in this matter.  As stated in the Comments to the 2002 Amendment to FRAP 4, "the good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within

the control of the movant."

Tomax's purported "good cause" is senseless. Tomax states that "[i]f final judgment in this matter is reversed, it will serve as a defense to any potential attorneys' fees award." While true, this statement is irrelevant. Because this Court has entered a Final Judgment on the merits, any reversal, should there be one, would be dependent on a decision by the Federal Circuit, *i.e.*, an appeal. Delaying the date for the notice of appeal does not solve Tomax's issue. Tomax further states "If the present May 12, 2023 deadline is not extended, Tomax's counsel will not be able to intervene and appeal any potential attorneys' fees award or the underlying final judgment because the time for appeal would have already expired on May 12, 2023." Tomax's counsel could have filed any motion to intervene weeks ago. Tomax's counsel gives no reason for why the Court should find good cause because he *might* intervene. In addition, Tomax's counsel has no standing to contest the Final Judgment in this case. As best Turbo Drill is aware, Tomax's counsel has no rights to the Tomax patents and cannot claim harm from any alleged infringement. In addition, Tomax provides no reason why Tomax and its counsel cannot appeal any decision regarding an award of attorneys' fees when that judgment is made. Any appeal of the Final Judgment on the merits in this case is ripe *now* and there is nothing, outside of Tomax's control or otherwise, preventing Tomax from filing a notice of appeal on time.

Further, Turbo Drill filed its Motion for Attorneys' fees on April 26th. Tomax provides no reason why it waited two weeks to file its motion to delay the appeal deadline. Tomax's gamesmanship in delaying this Motion can only have been designed to prejudice Turbo Drill's ability to properly respond to the instant Motion.

Tomax's Motion is also unnecessary. Tomax's counsel could move to intervene in any appeal of a decision on Turbo Drill's Motion for attorneys' fees. No reason exists to delay the

appeal deadline on the Final Judgment on the merits while Tomax's counsel contemplates whether he intends to intervene.

Even if the Court were inclined to an extension to Tomax, a two-month extension would violate the Federal Rules.  FRAP 4(a)(5)(C) provides that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Tomax would have the Court believe that the Supreme Court in *Hamer v Neighborhood Hous. Servs.*, 138 S. Ct. 13 (2017) held that the Court can simply ignore the thirty-day limit on extensions of appeal deadlines in FRAP 4(a)(5)(C).  To the contrary, the Court in *Hamer* merely found that the 30-day limitation on extensions in Rule 4(a)(5)(C) was not jurisdictional, but rather "a mandatory claim-processing rule subject to forfeitures if not properly raised by the appellee." 138 S. Ct. at 16.   The Supreme Court also made it clear that "If properly invoked, mandatory claim-processing rules must be enforced." *Id*. at 17.[1]  *See also Strauss v. Saul*, Civ. Act. No. 4:19-cv-00077, 2020 U.S. Dist. LEXIS 145719 (S.D. Tex. Aug. 13, 2020) (citing *Hamer* in finding that the thirty-day limit on the extension of appeal deadline in FRAP 4(a)(5)(c) is "a mandatory limitation.") (Exhibit A).

This motion seeking a two-month extension of the appeal deadline in clear violation of the thirty-day limit in FRAP 4(a)(5)(C) is just more gamesmanship by Tomax. There is no good cause for any extension of the appellate deadline, and a sixty-day extension would be a violation of FRAP 4(a)(5)(C).

---

[1] The appellee in *Hamer* had not objected to the two-month extension of time for the appellant in the district court and had indicated to the court of appeals that it had jurisdiction over the appeal and that the appellant had timely filed a notice of appeal. *Id.* at 18.  The appeals court *sua sponte* raised the issue of the timeliness of the appeal, and ultimately dismissed the appeal for lack of jurisdiction. *Id.*  The Supreme Court reversed, finding that because the 30-day limit for extensions in FRAP 4(a)(5)(C) was not statutory, it was not jurisdictional and could be waived by a party's failure to timely raise the issue.  *Id*. at 22.

May 11, 2023

Respectfully submitted,

By: /s/ *Mike Locklar*
Michael G. Locklar
mlocklar@ewingjones.com
State Bar No. 24010194
Ewing & Jones, PLLC
6363 Woodway Drive, Suite 1000
Houston, TX 77057
(713) 590-9600/(832) 830-8945
(713) 590-9602 (Fax)

Keith Jaasma
kjaasma@ewingjones.com
State Bar No. 00794014
Ewing & Jones, PLLC
6363 Woodway Drive, Suite 1000
Houston, TX 77057
(713) 590-9675/(713) 590-9602 (Fax)

Barry K. Shelton
Texas State Bar No. 24055029
**Winston & Strawn LLP**
2121 N. Pearl Street
Suite 900
Dallas, TX 75201
bshelton@winston.com
(214) 453-6407 (Telephone)

*Attorneys For Defendant Turbo Drill Industries, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this document via the Court's ECF system to counsel of record on this 11th day of May, 2023.

/s/ *Keith Jaasma*
Keith Jaasma